**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MELISSA TAYLOR,

Plaintiff,

v.

MARINER FINANCE, LLC; JP MORGAN CHASE BANK, N.A.; DISCOVER FINANCIAL SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,

Defendants.

Civil No. 25-60 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT MARINER FINANCE, LLC'S REQUEST FOR PERMISSION TO FILE A MOTION TO RECONSIDER**

---

Ryan D. Peterson, **CONSUMER JUSTICE LAW FIRM PLC**, 6600 France Avenue, Suite 602, Edina, MN 55435; Yitzchak Zelman, **MARCUS & ZELMAN, LLC**, 701 Cookman Avenue, Asbury Park, NJ 07712, for Plaintiff.

Natalia S. Kruse, **HUSCH BLACKWELL LLP**, 80 South Eighth Street, Suite 2800, Minneapolis, MN 55402; Nicholas S. Agnello, **HUSCH BLACKWELL LLP**, 1801 Pennsylvania Avenue Northwest, Suite 1000, Washington, DC 20006, for Defendant Mariner Finance, LLC.

Defendant Mariner Finance, LLC ("Mariner") requests permission to file a Motion to Reconsider a portion of the Court's Order denying its motion for summary judgment. Plaintiff Melissa Taylor opposes the request. Mariner limits its request to the issue of whether the outcome of a reasonable investigation would have the same result as the investigation that was conducted, such that Mariner would be entitled to summary judgment. Because granting Mariner permission to file a Motion to Reconsider would

require the parties to relitigate old issues, and because Mariner has not identified an extraordinary circumstance, the Court will deny Mariner's request. The Court considers Mariner's argument based on the completed briefing. Because genuine issues of material fact remain as to whether the outcome of a reasonable investigation would differ from the investigation that Mariner conducted, the Court affirms its previous Order on Mariner's Motion for Summary Judgment.

## BACKGROUND

The Court previously summarized the relevant factual background in its Memorandum Opinion and Order Denying Defendant Mariner Finance, LLC's Motion for Summary Judgment. *Taylor v. Mariner Finance*, *LLC*, Civ. No. 25-60, 2026 WL 2295224 (D. Minn. Aug. 10, 2026).

On August 25, 2026, Mariner submitted a letter to the Court requesting permission to file a motion to reconsider a portion of Court's Opinion and Order (Docket No. 140), pursuant to Local Rule 7.1(j). (Docket No. 141.) On September 2, 2026, Plaintiff Taylor filed a letter opposing Mariner's request. (Docket No. 142.)

## DISCUSSION

### I. MOTION TO RECONSIDER

A motion to reconsider under Local Rule 7.1(j) is "the functional equivalent of a motion to alter or amend the judgment" under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such

motions are granted only upon a showing of compelling circumstances. D. Minn. LR 7.1(j); *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale and Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Mariner argues that the undisputed record shows that no reasonable investigation of Taylor's credit disputes would have had a result different than the investigation Mariner conducted. Mariner asserts that the Court did not sufficiently address this argument in its Order. As a result, Mariner contends that its request for permission to file a motion to reconsider should be granted, because, in its view, the Court will agree that Mariner is entitled to summary judgment. Upon close review of the submitted briefs, record, and Order, the Court agrees that the Court's prior order denying summary judgment did not complete an analysis of this argument. However, Mariner has not identified an "extraordinary circumstance" that would warrant leave to file a motion to reconsider. Furthermore, granting Mariner's request would require another round of briefing on an issue that has already been briefed such that it would require the parties to "relitigate old issues." *Dale and Selby Superette & Deli*, 838 F. Supp. at 1348.

Accordingly, the Court will decline Mariner's request for leave to file a motion to reconsider. Because the issue has already been briefed by the parties, the Court now considers the argument.

## II. OUTCOME OF A REASONABLE INVESTIGATION

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party "may not rest on mere allegation[s] or denials" but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

Mariner argues that it is entitled to summary judgment because the Fair Credit Reporting Act requires Taylor to show that if Mariner had conducted a reasonable investigation, the result would have been different. Mariner relies on an out-of-circuit decision for this proposition: *Suluki v. Credit One Bank, NA*, 138 F.4th 709 (2d Cir. 2025). Thus, under *Suluki*, to succeed on summary judgment, Mariner must establish that there

are insufficient facts in the record upon which a reasonable fact finder could conclude that a reasonable investigation would have reached a different outcome than the investigation Mariner actually conducted. *Suluk*i, 138 F.4th at 721. ("[I]f there is no genuine dispute of material fact about whether a reasonable investigation would have revealed the inaccuracy of the disputed information, then there is no nexus between the furnisher's unreasonable investigation and the inaccuracy that caused the plaintiff damages.") Applying this standard, Mariner's argument fails for two key reasons.

**First**, as the Court noted in its previous Order, "genuine disputes of material fact remain as to whether Mariner negligently or willfully violated its obligations under 15 U.S.C. § 1681s-2(b)," such that summary judgment is inappropriate with respect to whether Mariner's investigation was reasonable. *Taylor*, 2026 WL 2295224, at *8. Therefore, there remains a genuine issue of material fact as to **what** the result of a reasonable investigation would have been. This precludes a conclusion, as a matter of law, on whether the result of a reasonable investigation and the result of the investigation conducted would be the same.

**Second**, in *Suluki*, the Second Circuit concluded that the record was devoid of facts that would allow a reasonable fact finder to conclude that a reasonable investigation would have had a different outcome. 138 F.4th at 723. Mariner highlights this case as the facts are similar—the plaintiff's mother had opened a line of credit using the plaintiff's information. *Id.* at 715. Crucially though, in *Suluki*, the defendant **had** called the Plaintiff's

mother as part of its investigation. *Id*. Here, Mariner **did not contact** Taylor's mother to inquire about who opened the accounts. (*See* Decl. of Yitzchak Zelman ¶ 2, Ex. A at 89:12–20, Mar. 6, 2026, Docket No. 125.) A reasonable factfinder, then, **could** conclude that a reasonable investigation would have required a call to Taylor's mother. A reasonable fact finder could then, in turn, conclude that the absence of such a call did result in an investigation with a different outcome than that of a reasonable investigation. Therefore, genuine issues of material fact remain as to whether a reasonable investigation and the investigation conducted would have had the same result.

Accordingly, the Court will decline to grant Mariner's Motion for Summary Judgment on these grounds.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Request for Permission to File a Motion to Reconsider (Docket No. [141]) is **DENIED**. Absent objection, this case will be placed on the Court's next trial calendar.

DATED: October 16, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge